1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JULIA GERARD,                              No.  2:14-cv-1605 GEB DAD PS

12                  Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   WELLS FARGO BANK, N.A., and
     REGIONAL TRUSTEE SERVICES
15   CORPORATION,

16                  Defendants.

17

18          This matter came before the court on September 12, 2014, for hearing of defendant Wells

19   Fargo Bank, N.A.'s motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

20   Procedure (hereinafter "Rule").[1]  Attorney Chanel Oldham appeared on behalf of the defendant.

21   No appearance was made by, or on behalf of, plaintiff Julia Gerard who is proceeding pro se in

22   this matter.[2]

23          For the reasons set forth below, the undersigned will recommend that defendant's motion

24   to dismiss be granted.

25   /////

26   _____
     [1]  Defendant Regional Trustee Services has not appeared in this action.

27
     [2]  Plaintiff did, however, file a written opposition to the motion to dismiss, (Dkt. No. 11), and also
28   did appear telephonically at a Telephonic Status Conference on October 1, 2014.  (Dkt. No. 18.)

                                                      1

BACKGROUND

Plaintiff Julia Gerard commenced this action on May 27, 2014, by filing a complaint in the El Dorado County Superior Court alleging causes of action for violation of the California Homeowner Bill of Rights, promissory estoppel, intentional misrepresentation, "declaratory relief" and wrongful foreclosure. (Dkt. No. 2-1 at 1.) Defendant Well Fargo Bank, N.A. ("Wells Fargo") removed the matter to this court on July 7, 2014, based on diversity jurisdiction. (Dkt. No. 1.)

On July 28, 2014, defendant Wells Fargo filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 5.) The motion, however, was improperly noticed for hearing before the assigned District Judge. (Dkt. No. 7.) On July 29, 2014, defendant re-noticed the motion to dismiss for hearing before the undersigned. (Dkt. No. 10.) On August 11, 2014, plaintiff filed an opposition to defendant's motion to dismiss, (Dkt. No. 11), and defendant filed a reply on August 25, 2014. (Dkt. No. 12.)

STANDARDS

I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less

2

1   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

2   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

3   form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

4   Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

5   an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

6   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

7   elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

8   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

9   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

10  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

11  not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

12  459 U.S. 519, 526 (1983).

13      In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

14  to consider material which is properly submitted as part of the complaint, documents that are not

15  physically attached to the complaint if their authenticity is not contested and the plaintiff's

16  complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

17  250 F.3d 668, 688-89 (9th Cir. 2001).

18                                    ANALYSIS

19  I.      California's Homeowner Bill of Rights

20      The complaint's first cause of action alleges that the defendant's actions violated

21  California's Homeowner Bill of Rights.  (Compl. (Dkt. No. 2-1) at 10.)  The Homeowner Bill of

22  Rights, ("HBOR") which took effect January 1, 2013, reformed aspects of California's non-

23  judicial foreclosure process by amending the California Civil Code to prohibit deceptive and

24  abusive home foreclosure practices.  See Flores v. Nationstar Mortgage LLC, No. CV 13-3898-

25  PLA, 2014 WL 304766 at *3 (C.D. Cal. Jan. 6, 2014).

26      However, HBOR is only applicable to owner-occupied homes.  See Corral v. Select

27  Portfolio Servicing, Inc., No. 14-cv-2251-MEJ, 2014 WL 3900023, at *5 (N.D. Cal. Aug. 7,

28  2014) ("Section 2924.15 of the HBOR limits its application to owner-occupied homes, meaning

                                        3

1  that the home is 'the principal residence of the borrower and is security for a loan made for

2  personal, family, or household purposes.'"); <u>Penermon v. Wells Fargo Bank</u>, N.A., --- F. Supp.2d

3  ---, ---, Case No. 14-cv-0065-KAW, 2014 WL 2754596, at *7 (N.D. Cal. June 11, 2014)

4  ("HBOR, however, is limited in that it only applies to foreclosures of first liens on owner-

5  occupied, one-to-four unit properties."); <u>Masson v. Selene Finance LP</u>, No. 12-05335 SC, 2013

6  WL 271256, at *3 (N.D. Cal. Jan. 24, 2013) (dismissing HBOR claim in part for failure to meet

7  the owner-occupied requirement).

8         Here, plaintiff alleges in her complaint, (Compl. (Dkt. No. 2-1) at 5), and in her opposition

9  to defendant's motion to dismiss, (Pl.'s Opp.'n (Dkt. No. 11) at 10), that the property at issue is

10  not owner-occupied but is instead a rental property.[3]  The complaint also alleges that as a "result

11  of Defendants' conduct" plaintiff has "suffered the loss of the rents and profits of the Subject

12  Property." (Compl. (Dkt. No. 2-1) at 13.)

13        Accordingly, defendant's motion to dismiss should be granted as to the complaint's

14  HBOR claim.

15  II.    <u>Promissory Estoppel</u>

16        The complaint's first cause of action also asserts, in the alternative, a claim for promissory

17  estoppel. (Compl. (Dkt. No. 2-1) at 10.)  "'The elements of promissory estoppel are:  (1) a clear

18  promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the

19  obligation assumed and not performed.'"  <u>Quinteros v. Aurora Loan Servs.</u>, 740 F.Supp.2d 1163,

20  1171 (E.D. Cal. 2010) (quoting <u>Poway Royal Mobilehome Owners Ass'n v. City of Poway</u>, 149

21  Cal. App.4th 1460, 1471 (2007)).

22        Here, plaintiff's complaint fails to state the elements of a promissory estoppel claim

23  plainly or succinctly.  Moreover, the allegations found in the complaint are devoid of any alleged

24  clear promise made by defendant Wells Fargo that caused plaintiff damages.  In this regard, the

25  complaint alleges as follows.  Plaintiff defaulted on the loan sometime in 2013, and "began

26

27  ───────────────────
    [3]  Defendant has also requested that the court take judicial notice of the deed of trust which
28  indicates that the property was purchased by way of a non-owner occupied loan.  (RJN (Dkt. No.
    6-1) at 15.)

1    negotiating a modification of the loan" with the defendant.  (Compl. (Dkt. No. 2-1) at 5.)

2    Although the defendant "had not made a written determination," the defendant did inform

3    plaintiff "that she <u>may</u> qualify for a modification on her rental property."  (<u>Id.</u>) (emphasis added).

4    On May 22, 2014, plaintiff made a request to "reinstate her mortgage loan account" and was

5    informed that "she could come into the Wells Fargo Bank" branch.  (<u>Id.</u> at 4.)  On May 23, 2014,

6    plaintiff "went to the West Hollywood Wells Fargo branch, on Santa Monica Blvd . . . . to see

7    which account Plaintiff was going to pull the funds from necessary to reinstate the mortgage

8    loan."  (<u>Id.</u> at 3.)  Plaintiff was informed by a "Wells Fargo employee named Ivan," that "a

9    bankruptcy [was] showing up connected to the property," and that plaintiff could not "pay the

10    arrearage" or reinstate the mortgage "until the bankruptcy stay is lifted."  (<u>Id.</u> at 3-4.)  "Plaintiff

11    offered the full amount necessary to reinstate her mortgage loan" but the defendant refused to

12    accept plaintiff's tender.[4]  (<u>Id.</u> at 4.)

13            However, even accepting these allegations as true, plaintiff has failed to allege that the

14    defendant made a clear promise to plaintiff that caused her any damage.  Accordingly,

15    defendant's motion to dismiss should be granted as to the complaint's promissory estoppel claim.

16    III.    <u>Intentional Misrepresentation</u>

17            The complaint's second cause of action asserts a claim for intentional misrepresentation.

18    In this regard, the complaint alleges that on May 22, 2013, the defendant "made a promise . . . to

19    induce Plaintiff to come into the Wells Fargo Branch in person for the specific purpose of

20    tendering  . . . the entire amount necessary to reinstate Plaintiff's mortgage loan . . . ."  (Compl.

21    (Dkt. No. 2-1) at 13.)  Plaintiff did appear at the Wells Fargo Branch but the defendant refused to

22    accept plaintiff's payment.  (<u>Id.</u> at 14.)  According to the complaint, "[w]hen defendant . . .  made

23    these representations that [defendant] would accept Plaintiff's proper tender of her funds

24    necessary to cure the mortgage default and reinstate Plaintiff's loan in good standing [defendant]

25    knew them to be false . . . ."  (<u>Id.</u>)

26    _____

27    [4]  Although not relevant to resolution of the pending motion to dismiss, the undersigned notes that
    at the October 1, 2014 telephonic Status Conference counsel for defendant stated that plaintiff
    was welcome to reinstate her loan.  Plaintiff responded that she would be willing to do so if at the

28    same time there was an agreed-upon modification of her the subject loan.

1    "Under California law, the elements for an intentional-misrepresentation, or actual-fraud,

2    claim are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce

3    reliance; (4) justifiable reliance; and (5) resulting damage." UMG Recording, Inc. v. Bertelsmann

4    AG, 479 F.3d 1078, 1096 (9th Cir. 2007).  Intentional misrepresentation is a species of fraud and

5    therefore subject to the Rule 9(b)'s heightened pleading requirement.  See Neilson v. Union Bank

6    of Cal., 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003).  This means the plaintiff must allege the

7    "who, what, when, where and how" supporting the intentional misrepresentation claim.  Vess v.

8    Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  "Moreover, merely attributing a

9    misrepresentation to a corporate entity is inadequate; a specific person must be named, or at least

10   identified." Celebrity Chefs Tour, LLC v. Macy's, Inc., 16 F.Supp.3d 1123, 1134 (S.D. Cal.

11   2014).

12       Here, the complaint fails to allege the specific person who made the misrepresentation to

13   plaintiff and, therefore, the complaint's intentional misrepresentation claim fails to satisfy Rule

14   9(b).  Moreover, the allegations found in the complaint fail to allege reliance and damages

15   stemming from a fraudulent misrepresentation.

16       In this regard, the complaint alleges that the defendant knowingly misrepresented to

17   plaintiff that if she would appear in person at a Wells Fargo Branch the defendant would accept

18   her tender of payment.  Ignoring that the complaint also alleges that the reason the defendant

19   could not accept plaintiff's payment was because there was "a bankruptcy showing up connected

20   to the property," (Compl (Dkt. No. 2-1) at 3), and accepting as true the allegations that the

21   defendant informed plaintiff that if she came into a Wells Fargo Branch that the defendant would

22   accept her tender and that the defendant knew that statement to be false when the statement was

23   made, plaintiff has not alleged that she relied on that misrepresentation to her determinant.  Thus,

24   it cannot be said that this the allegedly false misrepresentation altered plaintiff's legal position to

25   the defendant or her willingness to tender the money to the defendant.  See Alliance Mortgage

26   Co. v. Rothwell, 10 Cal.4th 1226, 1239 (Cal. 1995) ("Reliance exists when the misrepresentation

27   or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal

28   relations, and when without such misrepresentation or nondisclosure he or she would not, in all

1    reasonable probability, have entered into the contract or other transaction.").

2           Accordingly, defendant's motion to dismiss should be granted as to the complaint's

3    intentional misrepresentation claim.

4    IV.    Declaratory Relief

5           The complaint's third cause of action asserts a purported claim for declaratory relief.

6    (Compl. (Dkt. No. 2-1) at 16.)  However, declaratory relief is not an independent claim but is

7    instead a form of relief.  See Lane v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092,

8    1104 (E.D. Cal. 2010).

9           Accordingly, defendant's motion to dismiss should be granted as to the complaint's claim

10   for declaratory relief.

11   V.     Wrongful Foreclosure

12          The complaint's final claim for relief attempts to assert a claim for wrongful foreclosure.

13   (Compl. (Dkt. No. 2-1) at 17.)  The complaint, however, does not allege that the property at issue

14   has been sold.[5]  "A lender or foreclosure trustee may only be liable to the mortgagor or trustor for

15   wrongful foreclosure if the property was fraudulently or illegally sold under a power of sale

16   contained in a mortgage or deed of trust."  Rosenfeld v. JPMorgan Chase Bank, N.A., 732

17   F.Supp.2d 952, 961 (N.D. Cal. 2010).  See also Pugh v. JPMorgan Chase Bank, N.A., No. 2:13-

18   cv-1141 MCE DAD, 2013 WL 5739147, at *3 (E.D. Cal. Oct. 22, 2013) ("Plaintiffs do not allege

19   their property has already been foreclosed.  Accordingly, Plaintiffs' wrongful foreclosure claim

20   must be dismissed."); Ramirez v. Kings Mortg. Services, Inc., No. 1:12-cv-1109 AWI SKO, 2012

21   WL 5464359, at *6 (E.D. Cal. Nov. 8, 2012) ("Unless the foreclosure sale has already taken

22   place, Plaintiff's claim for wrongful foreclosure is premature even to the extent there are,

23   theoretically, ground upon which the claim could be predicated."); Pey v. Wachovia Mortg.

24   Corp., No. 11-2922 SC, 2011 WL 5573894, at *8 (N.D. Cal. Nov. 15, 2011) ("A claim for

25   _____

26   [5]  In her opposition to defendant's motion to dismiss, plaintiff stated that after she filed her
     complaint, she received a notice that the defendant had "agreed to re-review [her] loan

27   modification in connection with the property" at issue in this action.  (Pl.'s Opp.'n (Dkt. No. 11)
     at 3.)  Moreover, at the October 1, 2014, telephonic Status Conference plaintiff stated that the

28   defendant was at that time evaluating plaintiff for a loan modification.

                                                    7

1   wrongful foreclosure requires the occurrence of a foreclosure sale.”); Vega v. JPMorgan Chase

2   Bank, N.A., 654 F.Supp.2d 1104, 1113 (E.D. Cal. 2009) (“a purported wrongful foreclosure claim

3   is premature given there has been no foreclosure of the property”).

4        Accordingly, defendant’s motion to dismiss should be granted as to the complaint’s

5   wrongful foreclosure claim.

6                                    LEAVE TO AMEND

7        For the reasons explained above, defendant’s motion to dismiss should be granted and

8   plaintiff’s complaint dismissed for failure to state a claim upon which relief may be granted.  The

9   court has carefully considered whether plaintiff may amend her complaint to state a claim upon

10  which relief can be granted.  “Valid reasons for denying leave to amend include undue delay, bad

11  faith, prejudice, and futility.”  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818

12  F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass’n v. Klamath Med. Serv.

13  Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely

14  given, the court does not have to allow futile amendments).

15       Here, in light of the allegations found in the complaint and the legal principles set forth

16  above, the undersigned finds that granting leave to amend would be futile in this case.[6]  See

17  Chaset v. Fleer/Skybox Int’l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the

18  litigation by permitting further amendment where the “basic flaw” in the underlying facts as

19  alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th

20  Cir. 2002) (“Because any amendment would be futile, there was no need to prolong the litigation

21  by permitting further amendment.”).

22  /////

23  /////

24  

25  [6]  Of the complaint’s asserted causes of action, it appears that under the facts alleged therein the
    only claim that could, under any circumstances, be amended to state a cognizable claim is the
26  claim for wrongful foreclosure.  Nothing before the court, however, suggests that the property at
    issue has been sold, in which case a wrongful foreclosure claim would fail on its face.  If that is
27  no longer the case and the property has been sold, plaintiff should address that fact along with any
    offer to tender on her part in objections she may elect to file to these findings and
28  recommendations.

                                         8

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's July 28, 2014 motion to dismiss (Dkt. No. 5), re-noticed for hearing before the undersigned (Dkt. No. 10) be granted;

2. Plaintiff's complaint (Dkt. No. 2-1) be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders\pro se\gerard1605.mtd.f&rs.docx

9